**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES EDWIN ROLLINGS,** | | |
| **ID #1205654** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:07-CV-1750-L (BH)** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has

been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I. BACKGROUND

**A.  Nature of the Case**

Petitioner, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254.

Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B.  Procedural History**

On November 8, 2002, the State indicted petitioner for indecency with a child.  (Trial

Transcript at 2-3).  After he pled not guilty to the charge, petitioner was tried before the court,

convicted, and sentenced to fifteen years  on November 13 and December 13-16, 2003.  *Id*. at 4-5.

Petitioner filed an appeal challenging the legal and factual sufficiency of the evidence and

the trial court's decision to permit extraneous offense evidence to be presented at the punishment

phase of the trial.  The Fifth District Court of Appeals affirmed petitioner's conviction in an

unpublished opinion.  *Rollings v. State*, No. 05-04-00233-CR (Tex. App. – Dallas, Nov. 22, 2004).

On December 18, 2004, petitioner received an extension of time to file a petition for discretionary review until February 21, 2005.  Petitioner, however, did not file his PDR until March 10, 2005, and on March 23, 2005, the Court of Criminal Appeals dismissed it as untimely.

On January 9, 2006, petitioner filed his first state application for writ of habeas corpus. (State Habeas Transcript[WR-64,218-01]:2, 7-10).   On March 15, 2006, the Court of Criminal Appeals dismissed this application because the direct appeal was still pending, as the mandate had not yet been issued. *Id*. at cover, 37. *See* TEX. CODE CRIM. PROC. ANN. § 11.07 (3)(a) & (b) (Vernon 1999); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that that court did not have jurisdiction to consider a state writ filed under 11.07 until the felony judgment becomes final, which occurs when the mandate is issued).  The Fifth District Court of Appeals issued its mandate on May 30, 2006.  Petitioner then filed a second state application on December 1, 2006, raising the same issues he raised in his earlier application.  This application was denied by the Texas Court of Criminal Appeals on October 3, 2007, without written order on the findings of the trial court without a hearing (S.H.Tr.[WR-64,218-02]]:cover).

Petitioner filed his federal petition on October 12, 2007, raising the same claims as in his state application. (Pet. at 11); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  Respondent filed a response on February 4, 2008, contending that petitioner's claims are procedurally barred by the statute of limitations and without merit.

## B.  Substantive Issues

Petitioner asserts that: (1) trial counsel was ineffective in several respects; (2) he was denied his right to a speedy trial; (3) the trial court erred in allowing extraneous offense evidence to be

admitted at the punishment phase of the trial; and (4) the evidence is legally insufficient to support his conviction.

## II.  STATUTE OF LIMITATIONS

Respondent contends that petitioner's federal petition was not timely filed under applicable federal law.

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-

year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction and filed a PDR that was dismissed as untimely after petitioner missed his extended deadline. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* on February 21, 2005, the date to which the court of appeals extended the deadline for such filing. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate).

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final in February of 2005. At trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his claims. Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his October 12, 2007, filing untimely.

## B. **Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Respondent contends that petitioner is not entitled to any tolling under this statute because petitioner's first state application was filed before the mandate issued and the second state application was filed after the one-year statute of limitations had already expired.

4

The Fifth Circuit has held that a state application for writ of habeas corpus is not properly filed in Texas if it is dismissed by the state court because the direct appeal was still pending. *Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir. 2004). More specifically, the Court found that a state application that was dismissed because the mandate had not yet issued was not properly filed within the meaning of § 2244(d)(2) because, under state law, the Court of Criminal Appeals does not have jurisdiction to consider a state writ application until the mandate issues and the direct appeal becomes final. *Id*. at 894; *see Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).

Here, petitioner's first state writ application was filed on January 9, 2006, but the mandate did not issue until May 30, 2006. Petitioner's first application did not toll the one-year federal statute of limitations because it was not properly filed under § 2244. His second state application, filed on December 1, 2006, was filed over one year after his conviction became final on February 21, 2005, and therefore also did not toll the one-year period. Accordingly, neither of petitioner's state writ applications toll the statute of limitations period.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d

5

at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).   Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403.   "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).   Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).   Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).   The Fifth Circuit has also stated that, when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

In this case, if petitioner's first state writ had been considered properly filed, it would have tolled the one-year time period because petitioner filed it 322 days after his conviction became final on February 21, 2005.   Under Texas law, the court of appeals must issue its mandate "[t]en days after the time has expired for filing a motion to extend time to file a motion for rehearing of a denial, refusal, or dismissal of a petition for review, or a refusal or dismissal of a petition for discretionary review, if no timely filed motion for rehearing or motion to extend time is pending." Tᴇx. R. Aᴘᴘ. P. 18.1(a)(2).   Because the Texas Court of Criminal Appeals dismissed the petition for discretionary review on March 23, 2005, the 10-day deadline for issuing a mandate was on April 2, 2005.   The

mandate was not issued until over a year later, on May 30, 2006, however.[1]

While petitioner cannot be faulted for the failure of the state court of appeals to issue the mandate in a timely manner, once the mandate was issued on May 30, 2006, he should have known that his direct appeal had become final at that point, and that he therefore could file a state writ application that would be considered on its merits.  Because he waited 322 days after his conviction became final to file his first state writ application, he only had 43 days remaining on the one-year statute of limitations.  Petitioner did not file his second application until December 1, 2006, however, a little over six months later after the mandate was issued.  Thus, even if his first application tolled the federal statute of limitations from January 9, 2006, the date on which petitioner filed his first state writ, until May 30, 2006, the date on which the state mandate issued and the Court of Criminal Appeals had jurisdiction to consider a state writ, petitioner's October 12, 2007 federal petition was still filed well beyond the one-year deadline.[2]

Petitioner did not file a reply brief addressing the statute of limitations issue, and he has presented no evidence or argument to this Court that he was prevented from filing his second state writ earlier than six months after the mandate was issued.  Without any such evidence, this Court finds that petitioner has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.  Accordingly, petitioner's federal petition is barred by the statute of limitations.

---

[1] Since the mandate was not issued until after petitioner's first state application was dismissed because the direct appeal was still pending, it appears that the dismissal of petitioner's state writ is what prompted the mandate to be issued.

[2] Petitioner did file his federal petition promptly, having filed it nine days after the Court of Criminal Appeals denied his second state writ.

## III.  RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. §

2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED** on this 31st day of March, 2009.

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE