IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES EDWIN ROLLINGS,** | § | |
| **ID #1205654**, | § | |
| | § | |
| Petitoner, | § | |
| v. | § | |
| | § | Civil Action No. **3:07-CV-1750-L** |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Before the court is Rollings's Petition for Writ of Habeas Corpus, filed October 12, 2007. Pursuant to Special Order 3-251, the case was referred to Magistrate Judge Irma C. Ramirez. The magistrate judge entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 31, 2009. Petitioner filed objections to the Report on April 15, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. The magistrate judge found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner was not entitled to equitable tolling because he failed to demonstrate the required extraordinary circumstances and due diligence.

To the extent that Petitioner objects in an attempt to provide reasons to equitably toll the statute of limitations period, the court does not consider these objections because these arguments were not presented to the magistrate judge and are therefore waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 (1995). Moreover, at least nine times in

his fourteen-pages of objections to the Report, Petitioner explains that he is "unlearned in the law"; however, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citations omitted).  Petitioner is still required to follow the applicable procedural rules governing writs of habeas corpus.  Accordingly, the court **overrules** these objections.

To the extent that Petitioner objects to raise the alleged constitutional infirmities of his state conviction, such objections are duplicative of the arguments included in the petition.  Because these arguments were considered by the court in its review of the petition, the court will not separately address them herein.  Accordingly, the court **overrules** these objections.

Having reviewed the petition, file, record, objections, and the Report in this case, the court determines that the findings and conclusions are correct.  The magistrate judge's findings and conclusions are therefore **accepted** as those of the court.  Accordingly, the court **dismisses with prejudice** the writ of habeas corpus.  The court **denies as moot** all remaining motions not previously ruled upon in this case.

**It is so ordered** this 20th day of April, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge